USCA1 Opinion

 

 September 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1137 ALFORD CHRISTOPHER CLARK, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Cyr, Boudin and Lynch, Circuit Judges, ______________ ____________________ Alan M. Pampanin and Bennett R. Savitz on brief for petitioner. ________________ _________________ Frank W. Hunger, Assistant Attorney General, Civil Division, _________________ Philemina McNeill Jones and John J. Andre, Attorneys, Office of ________________________ _______________ Immigration Litigation Civil Division, on brief for respondent. ____________________ ____________________ Per Curiam. Petitioner Alford Clarke seeks ___________ judicial review of a Board of Immigration Appeals (BIA) order that dismissed his appeal from an Immigration Judge's denial of his motion to reopen deportation proceedings after the petitioner was ordered deported in absentia. The immigration __ ________ judge entered the deportation order after the petitioner failed to appear on time for a hearing on his application for 212(c) relief. See 8 U.S.C. 1182(c). ___ We have thoroughly reviewed the record and the parties' briefs on appeal. We find no merit in the petitioner's arguments. It is well established that in absentia hearings __ ________ are not "per se violative of due process." Patel v. ___ __ _____ U.S.I.N.S., 803 F.3d 804, 806 (5th Cir. 1986). The fact that __________ the petitioner appeared late, as opposed to failing to appear at all, and had previously reported to the INS pursuant to the conditions of his release, is irrelevant. The record discloses that the petitioner was given a reasonable opportunity to be present and that he failed to provide a reasonable cause for his absence. Under these circumstances, the in absentia order did not violate due process. See __ ________ ___ Maldonado-Perez v. INS, 865 F.2d 328, 329-37 (D.C. Cir. _______________ ___ 1989); Reyes-Arias v. INS, 866 F.2d 500, 503 (D.C. Cir. ___________ ___ 1989). Accordingly, the petition for review is denied.  _______ -2-